HARRELL v. PARROTT.

USURY—ANSWER—DEMURRER.—The allegations of the answer in this case held a sufficient plea of the defense of usury, and it was error to sustain the demurrer to the answer on the ground that the allegations were not a sufficient plea of usury.

Before TOWNSEND, J., Darlington, March, 1895. Reversed.

Action in foreclosure by S. D. Harrell, as administrator of A. M. Harrell, against J. M. Parrott *et al.* Judgment for plaintiff. Defendant appeals.

*Messrs. Townsend & Floyd*, for appellant.

*Messrs. Woods & Macfarlan*, contra.

Feb. 29, 1896. The opinion of the Court was delivered by

MR. JUSTICE GARY. The following statement of facts appears in the "Case:" This action was commenced for the foreclosure of a mortgage executed by the defendant, appellant, to I. M. Harrell, deceased, in which S. D. Harrell, as administrator with the will annexed of the said I. M. Harrell, deceased, was the plaintiff. The case was heard by his Honor, Judge D. A. Townsend, at the November term of Court for Darlington County. The only written pleadings before his Honor were the complaint and answer. When the answer was read, oral demurrers were interposed by the plaintiff to the defendants' answer as to the plea of usury therein, and the counter-claim therein undertaken to be set up, upon the ground that the answer did not state facts sufficient to constitute the defense of usury, or to constitute a counter-claim to the plaintiff's cause of action, which demurrers were sustained. The defendant wished to produce as a witness on his behalf R. W. Boyd, Esq., and objected to trial in his absence, stating that he was at home sick, and also what he would prove; but it appearing that such witness had not been subpoenæd, and no legal

steps taken to secure his attendance, the trial was proceeded with. The defendant moved to amend his answer so as to set up additional payments not specially pleaded, which was allowed, and he undertook to prove such payments. A credit of $77.30 was allowed, instead of the credit of $75 . alleged in paragraph seven of the complaint. The only other effort to prove payment was an attempt to introduce a paper claimed by defendant, Parrott, as a receipt, which was not signed, but which he contended would show a payment to plaintiff's intestate, the defendant undertaking to establish such paper as a receipt by testifying to transactions and communications with plaintiff's intestate, which testimony being objected to, was ruled incompetent under section 400 of the Code. The defendant further requested to be allowed to amend his answer with regard to the plea of usury, which was refused.

His Honor heard the case in full, found the amount due upon the mortgage, sustained the demurrer as above stated, and granted judgment of foreclosure.

To all of above rulings the defendant, Parrott, excepted, and now appeals to this Court, upon due notice given, and upon exceptions, which appear in the case.

The testimony in the case was the introduction of the note and mortgage and proof of the amount due thereon, the only testimony offered by the defendant, Parrott, as above, having been held incompetent. The conclusion at which this Court has arrived renders it unnecessary to consider any of the exceptions (especially as several have been abandoned), except the one complaining of error on the part of the Circuit Judge in sustaining the demurrer to the defense of usury set up in defendant's answer.

The sixth and seventh paragraphs of the complaint are as follows: "6. That the defendant, J. N. Parrott, agreed to pay interest on the said note at the rate of ten per cent., after the year 1883. 7. That the following payments have been made on the note, to wit: That the sum of $191.29 was paid on November 5th, 1881; the sum of $115.70 was

paid on December 1st, 1882; the sum of $350.00 was paid on January 5th, 1893; the sum of $60.00 was paid on January 17th, 1893; the sum of $90.00 was paid on January 20th, 1893; the sum of $40.00 was paid on October 1st, 1893; the sum of $50.00 was paid on December 4th, 1893; the sum of $75.00 was paid on          , 1894." The second and fourth paragraphs of the answer are as follows: "2. And this defendant, in further defense, says that from time to time, and at the date of payments, the plaintiff's intestate charged and received usurious interests, to wit: nine per cent., contrary to the form of the statutes and the contract herein. And this defendant further says that he admits the allegations in paragraph 6, but that said agreement was made long after the original contract, and was made for a greater amount of interest than that allowed by the statutes, and was usurious."

The defense of usury, it is true, is not very formally pleaded, but it is alleged from time to time, and at the date of payments plaintiff's intestate charged and received nine per cent. interest. Two of the payments were made, respectively, on the 5th day of November, 1881, and the 1st day of December, 1882, when the law only allowed seven per cent. interest. The amendment allowing a greater rate of interest than seven per cent. in certain cases was not approved until the 21st of December, 1882. If the facts are as alleged, that plaintiff's intestate received nine per cent. interest on 5th of November, 1881, and 1st of December, 1882, then this constituted usury. *Utsey* v. *Cavender*, 31 S. C., 282. These facts must be assumed to be true, at least for the purpose of the demurrer. The Circuit Judge was, therefore, in error in sustaining the demurrer to the defense of usury.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.

MR. CHIEF JUSTICE McIVER. I concur in the result, because, while I think the plea of usury was not sufficiently

stated, yet as it is manifest that the defendant intended and attempted to plead usury, and only omitted to allege all of the facts necessary to support such a plea, it was a proper case for amendment. For that reason, I concur in reversing the judgment and remanding the case, when, as I think, the defendant should be allowed to amend his answer, by setting forth all the facts necessary to support the plea of usury.